# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:11-cr-067

                                     District Judge Timothy S. Black
  -  vs  -                            Magistrate Judge Michael R. Merz

JEROME OSBORNE,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 51). It is before the Court for initial review under Rule 4 of Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

As with all collateral attacks on criminal judgments filed at the Dayton location of court, the § 2255 proceedings have been referred to the undersigned pursuant to General Order Day 13-01.

Osborne, who is proceeding *pro se* on this Motion, claims the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015).

**Procedural History**

Jerome Osborne was indicted by the grand jury for this District on May 10, 2011, and charged with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine (Count One), a Hobbs Act violation (Count Two), possession of a firearm in furtherance of a drug trafficking crime (Count Three), possession of a firearm in furtherance of a crime of violence (Count Four), and possession of a firearm after a felony conviction (Count Five)(Indictment, ECF No. 15). Pursuant to a written Plea Agreement, Osborne agreed to plead guilty to Counts Two and Four (ECF No. 27, PageID 133). Osborne acknowledged that he faced an imprisonment sentence of five years to life. *Id.* at PageID 134.

Having accepted the plea, Judge Black referred the case to the United States Probation Office which prepared a Presentence Investigation Report ("PSR"). On September 16, 2011, Judge Black sentenced Osborne to 78 months imprisonment on the Hobbs Act charge and a

consecutive 60 months on the firearms charge. Osborne took no appeal, but filed the instant § 2255 Motion June 16, 2016.

# Analysis

Osborne pleads one claim for relief, to wit, that his sentence is made unconstitutional by *Johnson v. United States, supra.* As Osborne correctly points out, *Johnson* renders unconstitutional any sentence imposed under the residual clause of the ACCA. However, Osborne was not sentenced under the ACCA which is 18 U.S.C. § 924(e) and requires three prior qualifying predicate convictions. Rather, Count Two charged him with possessing a firearm in furtherance of a Hobbs Act violation under 18 U.S.C. § 924(c)(1)(A)(ii). He pled guilty to that charge and received the minimum mandatory penalty of five years imprisonment consecutive to the Hobbs Act sentence.

The charge to which Osborne pled guilty does not require proof of any prior qualifying convictions. Rather it requires only that the firearm have been possessed in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1)(C)(3) defines "crime of violence":

> (3) For purposes of this subsection the term "crime of violence"
> means an offense that is a felony and—
> (A)
> has as an element the use, attempted use, or threatened use of
> physical force against the person or property of another, or
>
> (B)
> that by its nature, involves a substantial risk that physical force
> against the person or property of another may be used in the course
> of committing the offense.

Count Two of the Indictment, the Hobbs Act violation to which Osborne pled guilty, charged him with conspiring to interfere with commerce "by robbery and threats of physical violence." The Indictment thus tracked the statute, 18 U.S.C. § 1951, which has as an element the use or threatened use of force against the person or property of another.  The Hobbs Act violation charged in the Indictment here, and to which Osborne pled guilty, needs no reference to the residual clause of 18 U.S.C. § 924(c)(1)(C)(3) to qualify.

In any event, the Sixth Circuit has held 18 U.S.C. § 924(c)'s definition of crime of violence was not unconstitutional, even in light of *Johnson.  United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016).  Osborne's sole claim for relief is without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant § 2255 Motion be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 12, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).