# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:11-cr-067

                                      District Judge Timothy S. Black
- vs -                                  Magistrate Judge Michael R. Merz

JEROME OSBORNE,

                Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This § 2255 case is before the Court on Defendant's Objections (ECF No. 53) to the Magistrate Judge's Report and Recommendations (ECF No. 52) recommending that the § 2255 Motion be dismissed with prejudice. Judge Black has recommitted the matter for reconsideration in light of the Objections (Recommittal Order, ECF No. 54).

      The Report reflects that Mr. Osborne pled guilty a violation of the Hobbs Act (Count Two of the Indictment) and possession of a firearm in furtherance of a crime of violence (Count Four). The Indictment specified that the crime of violence referenced in Count Four was the Hobbs Act offense charged in Count Two (ECF No. 15, PageID 101). Count Two reads:

> Between a beginning date unknown, but at least by in or around April 2011, and May 5, 2011, in the Southern District of Ohio, defendants OSBORNE, RUNYON, and AUSTIN conspired to obstruct, delay, and affect commerce, and the movement of articles

1

> and commodities in such commerce by robbery and threats of physical violence, in that defendants OSBORNE, RUNYON, and AUSTIN conspired to take and obtain in excess of five kilograms of cocaine from individuals purportedly engaged in the commercial activity of drug trafficking, by means of actual and threatened force, violence, and fear of injury to these individuals purportedly engaged in the commercial activity of drug trafficking.
>
> In violation of Title 18, United States Code, Section 1951.

Thus the Indictment charged Osborne with a particular way of violating the Hobbs Act: conspiring to interfere with commerce by robbery and threats of physical violence. Osborne's offense under Count 4 was alleged to be a violation of 18 U.S.C. § 924(c)(1)(C)(3) which provides:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A)
> has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)
> that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The residual clause of § 924(c)(1)(C)(3) is clause 3(B), but Osborne's Hobbs Act violation falls under clause 3(A) because it has as an element the use or threatened use of physical violence against the person of another. Whether or not clause 3(B) is unconstitutionally vague by analogy to *Johnson v. United States*, 135 S. Ct. 2551 (2015), is irrelevant here because there is no need to refer to clause 3(B) to convict Osborne under § 924(c).

However, even if it were necessary to refer to clause 3(B) to sustain the § 924(c) violation, Osborne would still not be entitled to relief. In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the court distinguished the residual clause of § 924(c) from the residual clause of the Armed Career Criminal Act held unconstitutional in *Johnson*.

Osborne argues in the alternative that the addition of the word "force" and "fear" to the Hobbs Act means that statute does not satisfy the element of force as defined in the earlier case of *Johnson v. United States*, 559 U.S. 133, 140 (2010), which held that in deciding whether a crime is a violent crime under § 924(c), a federal court must determine whether it "has as an element the use or attempted used of '*violent* force – that is, force capable of causing physical pain or injury to another person.'"

But to the extent Osborne's claim is based on the 2010 *Johnson* case, it is much too late. That is a claim that could have been raised on direct appeal, but Osborne never filed an appeal and his time to do so expired March 30, 2012, fourteen days after judgment. See Fed. R. App. P. 4(b)(1)(A). A motion under § 2255 cannot be used to raise a claim which could have been raised on direct appeal but was not. A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973). Absent manifest injustice or special circumstances such as a change in the law, § 2255 motions will be dismissed summarily if they raise claims that were or might have been asserted on direct review. Hertz & Liebman, Federal Habeas Corpus Practice and Procedure 6th, §41.7(e)(2011), *citing Reed v. Farley*, 512 U.S. 339, 358 (1994); *Withrow v. Williams*, 507 U.S. 680, 721 (1993); *Davis v. United States,* 417 U.S. 333, 342 (1974); *Kaufman v. United States*, 394 U.S. 217, 227 n. 8 (1969); Yackle, POSTCONVICTION REMEDIES, §108 (1981)*, citing*

3

*Mars v. United States,* 615 F.2d 704 (6th Cir. 1980); *Mathews v. United States,* 11 F.3d 583 (6th Cir. 1993).

Finally, even if this 2010 *Johnson* case claim could be properly brought in a § 2255 motion, such a claim would also be untimely under the one-year statute for filing § 2255 motions, That year expired March 30, 2013, one year from the date Osborne's conviction became final.

**Conclusion**

Upon reconsideration the Magistrate Judge again respectfully recommends Osborne's § 2255 Motion be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 2, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).