**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,

        Respondent/Plaintiff,

    v.

Jerome Osborne (1),

        Petitioner/Defendant.

Criminal Case No. 3:11-cr-00067
(Civil Case No. 3:16-cv-00244)

Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

## **ORDER**

This matter is before the Court on the July 12, 2016 Report and Recommendations (R&R) issued by the Magistrate Judge (Doc. 52), as well as the August 2, 2016 Supplemental Report and Recommendations (SR&R) issued by the Magistrate Judge (Doc. 55), regarding Petitioner's 28 U.S.C. § 2255 motion to vacate his sentence (Doc. 51, filed 6/10/2016)[1]. While his § 2255 motion was pending, Petitioner was released from federal custody on June 22, 2021. "Find an inmate," Federal Bureau of Prisons available at (https://www.bop.gov/inmate loc/) (last visited 06/14/2022). On January 10, 2022, this criminal case was transferred from the docket of the Honorable Timothy S. Black to the undersigned "in order to facilitate Defendant's participation in Re-entry Court." (Doc. 58 PAGEID 290).

---

[1] Petitioner's motion was docketed by the Clerk on June 16, 2016.

1

I.     PROCEDURAL BACKGROUND

On May 10, 2011, Petitioner was indicted and charged with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine (Count One); a Hobbs Act[2] violation (Count Two); possession of a firearm in furtherance of a drug trafficking crime (Count Three); possession of a firearm in furtherance of a crime of violence (Count Four); and possession of a firearm after a felony conviction (Count Five). (Doc. 15). On June 23, 2011, Petitioner pled guilty to Count Two and Count Four of the Indictment. (Doc. 29). On September 16, 2011, Judge Black sentenced Petitioner to a total term of 138 months of imprisonment—78 months on the Hobbs Act violation (Count Two) and 60 months on the firearms charge (Count Four), to run consecutively—followed by five years of supervised release. (Docs. 42, 44, 45). Petitioner did not appeal his sentence. As noted, however, Petitioner filed his § 2255 motion on June 10, 2016, in which he argues that his sentence should be reconsidered based upon the decision in *Johnson v. United States*, 576 U.S. 591 (2015)[3].

II.     DISCUSSION

***Johnson* (2015).**  The Armed Career Criminal Act (ACCA) imposes a 15-year mandatory minimum sentence on certain federal defendants who have three prior convictions for a "violent felony". 18 U.S.C. § 924(e)(1), (2). In *Johnson*, the Supreme Court held that the residual clause of the ACCA was void for vagueness and thus

---

[2] *See* 18 U.S.C. § 1951 ("Interference with commerce by threats or violence").

[3] The Supreme Court later confirmed that *Johnson*—decided on June 26, 2015—announced a substantive rule and is retroactively applicable to cases on collateral review. *Welch v. United States*, 578 U.S. 120, 135 (2016); *see In re Watkins*, 810 F.3d 375 (6th Cir. 2015). The Court notes that Petitioner's motion was timely filed. *See* 28 U.S.C. § 2255(f)(3).

unconstitutional pursuant to the Fifth Amendment's guarantee of due process. 576 U.S. at 606.[4]

**July 12, 2016 R&R (Doc. 52).** The Magistrate Judge initially recommended that Petitioner's § 2255 motion be dismissed with prejudice and that he be denied a certificate of appealability. He explained that Petitioner was not sentenced as an armed career criminal under 18 U.S.C. § 924(e) but, rather, under 18 U.S.C. § 924(c)(1)(A) for possessing a firearm in furtherance of a Hobbs Act violation. And, to this point, the Magistrate Judge clarified that the Sixth Circuit has already determined that § 924(c)'s definition of "crime of violence"[5] is not unconstitutionally vague under *Johnson*. *See United States v. Taylor*, 814 F.3d 340, 375–79 (6th Cir. 2016) (rejecting argument that *Johnson* effectively invalidated § 924(c)(3)(B)).[6]

---

[4] The ACCA states in relevant part:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). The italicized portion in romanette (ii) is known as the "residual" clause. The holding left intact 18 U.S.C. § 924(e)(2)(B)(i), the so-called "elements" clause. *Johnson*, 576 U.S. at 606 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

[5] 18 U.S.C. § 924(c)(3)(B).

[6] The Magistrate Judge's analysis obviously predates the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding 18 U.S.C. § 924(c)'s residual clause to be unconstitutionally vague).

3

Petitioner filed timely objections (Doc. 53), after which Judge Black recommitted the matter to the Magistrate Judge for further analysis[7] (Doc. 54).

**August 2, 2016 SR&R (Doc. 55).** Notwithstanding Petitioner's objections, the Magistrate Judge renewed his recommendation that Petitioner's § 2255 motion be dismissed with prejudice and that he be denied a certificate of appealability.

As to the first objection, the Magistrate Judge explained—again—that Count Two charged Petitioner with a particular way of violating the Hobbs Act: conspiring to interfere "by robbery and threats of physical violence".[8] Count Four charged Petitioner with possessing firearms in furtherance of a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A).[9] A "crime of violence" is defined as an offense that is a felony and:

---

[7] Fed. R. Civ. P. 72(b)(3).

[8] Count Two of the Indictment reads in full:

> Between a beginning date unknown, but at least by in or around April 2011, and May 5, 2011, in the Southern District of Ohio, defendants **OSBORNE**, **RUNYON**, and **AUSTIN** conspired to obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce by robbery and threats of physical violence, in that defendants **OSBORNE**, **RUNYON**, and **AUSTIN** conspired to take and obtain in excess of five kilograms of cocaine from individuals purportedly engaged in the commercial activity of drug trafficking, by means of actual and threatened force, violence, and fear of injury to these individuals purportedly engaged in the commercial activity of drug trafficking.
>
> In violation of Title 18, United States Code, Section 1951.

(Doc. 15 PAGEID 100).

[9] Count Four of the Indictment reads in full:

> On or about May 5, 2011, in the Southern District of Ohio, defendants **OSBORNE**, **RUNYON**, and **AUSTIN** possessed firearms in furtherance of a crime of violence for which they may be prosecuted in a court of the United States – namely, conspiracy to interfere with commerce through robbery, in violation of Title 18, United States Code, Section 1951.

> (A) **has as an element the use**, attempted use, or threatened use **of physical force** against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added). Petitioner's Hobbs Act violation clearly falls under § 924(c)(3)(A) (the "elements" or "use of force" clause) rather than § 924(c)(3)(B) (the "residual" clause). Thus, the Magistrate Judge reasoned, whether clause (3)(B) is unconstitutionally vague by analogy to *Johnson* is irrelevant. And, regardless, the Sixth Circuit in *Taylor* distinguished § 924(c)'s residual clause from the residual clause of the ACCA held unconstitutional in *Johnson*.[10]

The Magistrate Judge also determined that Petitioner's alternative objection—that addition of the word "force" and "fear" to the Hobbs Act[11] fails to satisfy the "physical force" element set forth in 18 U.S.C. § 924(e)(2)(B)(ii)—was untimely. The case on which Petitioner relies, *Johnson v. United States*, 559 U.S. 133 (2010), obviously was decided <u>before</u> he tendered his guilty plea. Thus, this claim could have been raised on direct

---

> In violation of Title 18, United States Code, Section 924(c)(1)(A), Title 18, United States Code, Section 2, and <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

(Doc. 15 PAGEID 101).

[10] Again, the Magistrate Judge's analysis predates the Supreme Court's decision in *Davis*. *See supra* note 6.

[11] "The term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened **force**, or violence, or **fear** of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1) (emphasis added).

appeal.[12] But even if the claim could be properly brought in a § 2255 motion, it would be time-barred under the one-year statute of limitations.[13]

**Petitioner's Objections (Doc. 56) to the August 2, 2016 SR&R.** Petitioner "objects" to the Magistrate Judge's conclusion that "whether or not clause 3(B) is unconstitutionally vague by analogy to Johnson [ ] is irrelevant." (Doc. 56 PAGEID 285). In an about-face, Petitioner now makes the argument that "Hobbs Act Robbery under 18 U.S.C. 1951 categorically fails to qualify as a 'crime of violence' under the remaining Section 924(c) force clause." (*Id.*). The Sixth Circuit, however, has since definitively ruled otherwise. *United States v. Gooch*, 850 F.3d 285, 290–92 (6th Cir. 2017) ("We join our sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence [under § 924(c).]"); *see United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020) ("Although we have not addressed whether aiding and abetting Hobbs Act robbery is a crime of violence under the elements clause, we have held that the principal offense of Hobbs Act robbery is a crime of violence under that clause." (citing *Gooch*)).[14]

Petitioner cites *Shuti v. Lynch*, 828 F.3d 440 (6th Cir. 2016) in support of the "landscape" change "when it comes to Johnson/Welch[.]" (Doc. 56 PAGEID 286). Petitioner is correct that *Shuti* held that the immigration code's residual clause—8 U.S.C.

---

[12] "It is well-established that a § 2255 motion is not a substitute for a direct appeal." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (cleaned up).

[13] *See* 28 U.S.C. § 2255(f).

[14] Petitioner's citation to *United States v. McLean*, 199 F. Supp. 3d 926 (E.D. Pa. 2016) is misplaced. In the course of later affirming defendant McLean's convictions, the Third Circuit noted its prior determination that Hobbs Act robbery is a "crime of violence" as required for conviction under § 924(c). *United States v. McLean*, 702 F. App'x 81, 88–89 (3d Cir. 2017) (citing *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016)). Indeed, *Robinson* was one of the sister circuit cases upon which the Sixth Circuit panel in *Gooch* relied. *See Gooch*, 850 F.3d at 292.

§ 1101(a)(43)(F)—is unconstitutionally vague under *Johnson*. (*See id.*). However, *Shuti* was decided before *Gooch*, and *Gooch* specifically held that Hobbs Act robbery is a "crime of violence" under § 924(c)'s <u>elements</u> clause.

### III. CONCLUSION

The Court **ACCEPTS** the Magistrate Judge's ultimate recommendation (set forth in his initial R&R (Doc. 52), as supplemented (Doc. 55)), that Petitioner's § 2255 motion (Doc. 51) has no merit and warrants dismissal. Accordingly, Petitioner's Motion to Vacate his Sentence under 28 U.S.C. § 2255 (Doc. 51) is hereby **DENIED WITH PREJUDICE**. Further, the Court will not issue a certificate of appealability. *See* Rules Governing Sec. 2255 Proceedings for the U.S. Dist. Courts, Rule 11(a). Petitioner's § 2255 motion is not "debatable among reasonable jurists," subject to being "resolved differently on appeal[,]" or "adequate to deserve encouragement to proceed further." *Poandl v. United States*, No. 1:12-cr-00119-1 (1:16-vc-00286), 2017 WL 1247791, at *17 (S.D. Ohio April 5, 2017) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983))). In addition, Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT